U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 8 2007

ROBERT H. SHEMWELL, CLERK
BY ______ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| JUDITH D. COLLINS and DONNIE R. COLLINS<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., C.R. BARD, INC. and MOREHOUSE PARISH HOSPITAL SERVICE DISTRICT NO. 1, D/B/A MOOREHOUSE GENERAL HOSPITAL,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **3:07cv1289**<br><br>Section: ______<br><br>Magistrate Judge: ______ |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, to this Court. In support of removal, Davol and Bard state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiffs commenced this action with their Petition for Damages ("Petition") filed in the Fourth Judicial District Court, Parish of Morehouse, on or about June 27, 2007. Davol and Bard were served with the Petition on July 18, 2007. Davol and Bard have not yet answered Plaintiffs' Petition.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Davol and Bard (including Plaintiffs' Petition) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Fourth Judicial District Court, Parish of Morehouse, where Plaintiffs' Petition is pending.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after the first receipt by Davol and Bard, through service, of Plaintiffs' Petition, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Davol and Bard are filing a written notice of this removal with the clerk of the Fourth Judicial District Court, Parish of Morehouse, where Plaintiffs' Petition is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Davol and Bard, the only properly joined defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Although Davol and Bard deny Plaintiffs' claims, they believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiffs' claims sound in product liability and seek recovery

for injuries allegedly caused by a defective medical device that was manufactured and sold by Davol and used in Plaintiff Judith Collins' hernia repair. Plaintiffs claim that as a result of abdominal problems caused by the medical device she had to "undergo several medical procedures" (Pet. ¶ 4) causing her to experience "significant pain and suffering, mental anguish and emotional distress" (Pet. ¶ 10) as well as "past and future substantial medical expenses." (Pet. ¶ 10). Moreover, plaintiff claims that she ultimately had to have the Kugel mesh patch removed and a new mesh installed. (Pet ¶ 4) Based on those allegations, Plaintiffs pursue compensatory damages for past and future pain and suffering, mental anguish, emotional distress and past and future medical expenses (*see* Pet. ¶ 10), but do not quantify their alleged damages. Nevertheless, the amount-in-controversy requirement is met here, for Plaintiffs' pleadings make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

8. A number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see, e.g., Cavazos v. C.R. Bard, Inc. and*

*Davol Inc.*, No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C).

**B. The Parties Properly Joined In This Action Are Completely Diverse**

9. On information and belief, Plaintiffs are residents and citizens of the State of Louisiana. (*See* Pet. at 1 (stating that "Plaintiffs are domiciled in Morehouse Parish, Louisiana").)

10. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

11. Bard is and has been at all relevant times, a corporation organized under the laws of the State of New Jersey with its principal place of business also in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

**C. The Remaining Defendant Is Improperly Joined, And Its Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis**

12. Although the citizenship of Morehouse General Hospital is unclear from the face of Plaintiffs' Petition, even assuming that this putative defendant is a citizen of Louisiana, its presence does not destroy this Court's diversity jurisdiction because it is improperly joined as a defendant in this case. The doctrine of improper joinder prevents plaintiffs from defeating federal diversity jurisdiction merely by naming nominal, non-diverse defendants. In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether "there is . . . [a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*); *see also Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper

joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon*, 236 F.3d at 286 n.4). Here, the facts and allegations laid out in Plaintiffs' Petition provide not even a theoretical basis for recovery; instead, they provide no basis for recovery against Morehouse General Hospital, making it clear that this defendant has been improperly joined.

13. To the extent Plaintiffs asserts product liability claims against Morehouse General Hospital, those claims are barred by the express language of the Louisiana Product Liability Act. The Louisiana Product Liability Act ("LPLA") "establishes the exclusive theories of liability" against the manufacturer of an allegedly defective product. La. Rev. Stat. § 9:2800.52. Under the LPLA, the term "'[m]anufacturer' means a person or entity who is in the business of manufacturing a product for placement into trade or commerce." La. Rev. Stat. § 9:2800.53(1). Although the LPLA might permit a product liability action against a "seller" of a product as well, a seller is liable only where he "exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage." La. Rev. Stat. § 9:2800.53(1)(b). Here, then, assuming for the sake of argument that Plaintiffs intend to bring the Hospital within the LPLA, Plaintiffs makes no allegation – nor could they – that the Hospital was in the business of manufacturing the allegedly defective medical device at issue, or that it exercised any control over the design or construction of the allegedly defective Kugel patch. To the contrary, Plaintiffs' allegations correctly recognize that "[t]he Kugel mesh patch was manufactured by Davol, Inc." (Pet. ¶ 8.) Thus, on their face, Plaintiffs' allegations provide no basis for recovery against Morehouse General Hospital under the LPLA. *See Tauzier v. Dodge*, No. 97-2444, 1998WL458184, *4 (E.D. La. Aug. 4, 1998) (denying remand on basis of improper joinder where "[p]laintiff failed to allege any facts that would support a finding that [defendant] was a seller which could be held accountable as a manufacturer under the LPLA").

14. Plaintiffs' claims provide no basis for recovery against Morehouse General Hospital for the independent reason that they are precluded by the Louisiana Medical Malpractice Act ("LMMA"). In an analogous context, the Fifth Circuit Court of Appeals has held that claims are barred as a matter of law – and a non-diverse party is improperly joined as a result – where the plaintiff fails to exhaust administrative remedies required by Louisiana or federal statutory law prior to bringing suit. *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387-88 (5th Cir. 2006); *Melder v. Allstate Corp.*, 404 F.3d 328, 332 (5th Cir. 2005). That logic dooms Plaintiffs' claims against Morehouse General Hospital. Under the LMMA "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel." La. Rev. Stat. § 40:1299.47(B)(1)(a)(i).[1] Thus, if a plaintiff files a malpractice suit against a qualified health care provider[2] prior to submitting the claim to the medical review panel, the suit must be dismissed as premature. *Dading v. Goodyear Tire & Rubber Co.*, No. 05-0100, 2005WL2037450, at *2 (E.D. La. July 25, 2005) (citing *Todd v. Angelloz*, 844 So. 2d 316, 318-20 (La. Ct. App. 2003) (recognizing that a court "must sustain an exception of prematurity and dismiss the claim if a malpractice claim against a health care provider covered by the LMMA has been filed in district court without having first been presented to a medical review panel")). Following this line of reasoning, Louisiana federal courts now hold that a healthcare provider is improperly joined if sued before the medical malpractice claim is brought before a medical review panel. *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747, at *3 (E.D. La. May 23, 2006) (denying motion to remand where plaintiff's

[1] A "health care provider" includes hospitals, such as Morehouse General Hospital. *See* La. Rev. Stat. § 40:1299.41(A)(1).

[2] Morehouse General Hospital is and was a qualified health care providers under the LMMA. *See* Ex. D (certificate Morehouse General Hospital's enrollment in Louisiana's Patient Compensation Fund).

malpractice claims against doctor were premature, and therefore defendant was improperly joined); *see also Bourne v. Eli Lilly & Co.*, No. 05-1212, 2005 WL 2998914, at *2 (W.D. La. Nov. 8, 2005). Here then, because Plaintiffs have not submitted their malpractice claims against Morehouse General Hospital to a medical review panel, those claims are premature, and that renders Morehouse General Hospital improperly joined.[3] As a result, the "presence [of the improperly joined defendants] must be disregarded for the purposes of determining diversity jurisdiction." *Bourne,* 2005 WL 2998914, at *2.

15. For the foregoing reasons, the facts and allegations set forth in Plaintiffs' Petition provide no basis for recovery against Morehouse General Hospital. Consequently, this entity is improperly joined as a defendant in this action, and this Court must disregard the citizenship of Morehouse General Hospital for purposes of its jurisdictional analysis. Complete diversity of citizenship exists between Plaintiffs and Davol and Bard, the only parties properly joined as a defendants in this action.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. respectfully remove this action from the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

[3] Plaintiffs have dismissed their claims against Morehouse General Hospital, thus acknowledging that their claims against this defendant are premature and therefore barred as a matter of law. That Consent Judgment of Dismissal, attached hereto as part of Exhibit A, was signed by the state court judge on July 16, 2007.

Respectfully submitted,

Dated: August 7, 2007

IRWIN FRITCHIE URQUHART & MOORE LLC

BY: ______________________

JAMES B. IRWIN, T.A. (No. 7172)
DAVID M. MELANCON (No. 23216)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504 310-2100
Facsimile: (504) 310-2101

*Attorneys for Defendants Davol Inc. and C.R. Bard, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of August, 2007, a true and correct copy of the foregoing Notice of Removal has been served upon counsel of record via facsimile and regular mail.

BY: ______________________

DAVID M. MELANCON (No. 23216)

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 8 2007

ROBERT H. SHEMWELL, CLERK
BY ——— DEPUTY
SHREVEPORT

# IRWIN FRITCHIE URQUHART & MOORE LLC

COUNSELORS AT LAW

DAVID M. MELANCON
Direct Dial: (504) 310-2117
dmelancon@irwinllc.com

400 POYDRAS STREET • SUITE 2700
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.310.2100
FACSIMILE 504.310.2101
www.irwinllc.com

August 7, 2007

***VIA FEDERAL EXPRESS***

Clerk of Court
United States District Court
Western District of Louisiana
1167 US Courthouse
300 Fannin Street
Shreveport, LA 71101

RE: *Judith D. Collins, et al v. Davol, Inc. et al*
Our File No. 10216.4

Dear Clerk:

We enclose an original and two copies of a Notice of Removal on behalf of defendants Davol, Inc. and C.R. Bard, Inc. in the above referenced. We also enclose a civil cover sheet and our firm check in the amount of $350.00 in payment of court costs.

Please file the original into the record and return two conformed copies of same to the undersigned in the Federal Express envelope provided.

Very truly yours,

David M. Melancon

DMM/fas
Enclosure

cc: All Counsel of Record

**IRWIN FRITCHIE**
**URQUHART & MOORE LLC**
— COUNSELORS AT LAW —

DAVID M. MELANCON
Direct Dial: (504) 310-2117
dmelancon@irwinllc.com

400 POYDRAS STREET • SUITE 2700
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.310.2100
FACSIMILE 504.310.2101
www.irwinllc.com

August 2, 2007

***VIA FEDERAL EXPRESS***
Clerk of Court
Civil Department
Morehouse Parish
4th Judicial District Court
100 East Madison Street
Bastrop, LA 71220
(318) 281-3343

RE: *Judith D. Collins and Donnie Collins v. Davol, Inc. et al*
State of Louisiana, Parish of Morehouse, 4th Judicial
District Court No. 2007-409
Our File No. 10216.4

Dear Clerk:

We would like to obtain a copy of the entire record of the matter entitled, *Judith D. Collins and Donnie Collins v. Davol, Inc. et al,* No. 2007-409. In that regard, we enclose our firm check in the amount of $30.00 as payment for any associated copy costs. Please apply any balance of funds to our account.

We enclose a self-addressed paid Federal Express envelope, which we ask that you use to return the copy of the record to us.

If you have any questions or concerns, please do not hesitate to call.

Cordially,

David M. Melancon

David M. Melancon

DMM/ml
Enclosure