**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| JUDITH D. COLLINS and DONNIE R. COLLINS | § | |
| Plaintiffs, | § | Civil Action No. 3:07cv1289 |
| vs. | § | JUDGE JAMES |
| DAVOL, INC., C.R. BARD, INC. and MOREHOUSE PARISH HOSPITAL SERVICE DISTRICT NO. 1, D/B/A MOOREHOUSE GENERAL HOSPITAL, | § | MAGISTRATE JUDGE HAYES |
| Defendants. | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL INC. AND C.R. BARD, INC. AND DEMAND FOR JURY**

Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through counsel of record, hereby answer Plaintiffs' Petition ("Complaint"), paragraph by paragraph, as follows:

1. Davol admits it that is a Delaware corporation with its principal place of business in Rhode Island. Bard admits that it is a New Jersey corporation with its principal place of business in New Jersey. The remaining allegations pertain to parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 2.

3. Paragraph 3 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny the same.

4. Paragraph 4 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny the same.

5. Paragraph 5 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny the same.

6. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. The remaining allegations in Paragraph 6 concern parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore deny the same.

7. Paragraph 7 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants submit that the allegations in Paragraph 7 are overly vague in that they fail to properly identify the documents and/or statements at issue, thus precluding proper response. In sum, Defendants lack sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny the same.

8. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral or incisional hernias.

9. Paragraph 9 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny the same.

10. Paragraph 10 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 10.

11. Paragraph 11 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 11.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Defendants specifically plead the applicability and exclusivity of the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq.*, and specifically aver that Plaintiffs are not entitled to recovery under any of the exclusive theories of products liability recovery set forth in the Act.

3. Defendants specifically aver that their product poses no characteristic that renders it unreasonably dangerous for a reasonably anticipated use as defined by the Louisiana Products Liability Act (LA R.S. § 9:2800.51).

4. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims in whole or in part.

5. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims in whole or in part.

6. Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens*.

7. Applicable statutes of limitations, prescription / preemptive statutes, statutes of repose, and/or the doctrine of laches bar Plaintiffs' claims in whole or in part. Defendants specifically aver that the claims of Plaintiffs are barred by the provisions of Louisiana Civil Code Article 3492 in that suit was not commenced within one (1) year from the date of injury or damage.

8. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

9. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

11. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and therefore Plaintiffs' right to recover is diminished in an amount based upon their individual relative degree of fault.

12. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

13. The learned intermediary doctrine bars Plaintiffs' claims.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

18. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

20. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which it is responsible in this matter.

23. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative/contributory negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, and any other applicable law.

28. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Louisiana law and/or other applicable laws.

29. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY DEMAND**

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

Dated: August 13, 2007

IRWIN FRITCHIE URQUHART & MOORE LLC

BY: s/James B. Irwin

JAMES B. IRWIN, T.A. (No. 7172)
DAVID M. MELANCON (No. 23216)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

*Attorneys for Defendants Davol, Inc. and C.R. Bard, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 13th day of August, 2007, a true and correct copy of the foregoing Answer has been served upon counsel of record via electronic filing.

BY: /s/ James B. Irwin
JAMES B. IRWIN, T.A. (No. 7172)